993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernadette A. SOUZA, Defendant-Appellant.
 No. 92-10600.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
May 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bernadette A. Souza appeals her 21-month sentence after guilty pleas to conspiracy to commit mail theft, aiding and abetting mail theft, and aiding and abetting the passing of false treasury checks in violation of 18 U.S.C. §§ 2, 371, 510(a)(2) and (2), and 1708. Souza contends that the district court erred by departing upward from the applicable Guidelines range based upon her criminal history category. Souza also contends that the extent of the departure was unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]
 
 
 3
 We consider the following three-prong test in evaluating a district court's decision to depart upward from the applicable Guidelines range: (1) we review de novo whether the district court identified an aggravating circumstance of a kind or degree not adequately taken into account by the Sentencing Commission; (2) we review for clear error the district court's factual findings supporting the existence of the aggravating circumstance; and (3) we review for abuse of discretion whether the extent of the departure was reasonable. United States v. Cruz-Ventura, 979 F.2d 146, 148 (9th Cir.1992); United States v. Streit, 962 F.2d 894, 901-02 (9th Cir.), cert. denied, 113 S.Ct. 431 (1992).
 
 
 4
 * Authority to Depart/Factual Findings
 
 
 5
 Souza contends that the district court improperly considered five prior convictions which were consolidated for sentencing as a basis to depart. We disagree.
 
 
 6
 The district court may depart upward from the applicable Guidelines range "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct." U.S.S.G. § 4A1.3, p.s.; see also Cruz-Ventura, 979 F.2d at 150. The Guidelines allow the court to consider a departure "if a defendant was convicted of a number of serious non-violent offenses committed on different occasions, and the resulting sentences were treated as related because the cases were consolidated for sentencing." U.S.S.G. § 4A1.2, comment. (n. 3); see also Streit, 962 F.2d at 904.
 
 
 7
 Here, the presentence report (PSR) contained a recommendation that the district court consider an upward departure because Souza's criminal history category may underrepresent the seriousness of her criminal history. At sentencing, the district court found, as a basis for departure, that five of Souza's prior convictions were consolidated into single ten-year term of imprisonment for which she received just three criminal history points.[2]
 
 
 8
 The Guidelines allow the district court to consider an upward departure in these circumstances. See U.S.S.G. § 4A1.2, comment. (n. 3); see also Streit, 962 F.2d at 904. Souza neither disputed the factual circumstances on which the district court based its decision to depart nor objected to the PSR's account of her criminal history. Therefore, the first two prongs of the test are satisfied. See Streit, 962 F.2d at 905.
 
 II
 Extent of Departure
 
 9
 Souza contends that the extent of the departure was unreasonable because the district court improperly analogized her actual criminal history to criminal history category VI instead of category IV. We disagree.
 
 
 10
 The district court should consider "whether a defendant's actual criminal history most closely resembles the next higher criminal history category before concluding that the defendant's record is so severe that comparison to a higher category is warranted." United States v. Starr, 971 F.2d 357, 363 (9th Cir.1992).
 
 
 11
 Here, based upon a total offense level of nine and criminal history category of III, Souza's applicable Guidelines range was 8 to 14 months. The district court considered the five convictions consolidated for sentencing and stated:
 
 
 12
 Criminal history category of three, four does not adequately represent her criminal history, because of her five convictions. Criminal history category--that were not counted--criminal history category of five does not, because of her five convictions which were not counted, and criminal history category of six is the only category which does adequately represent, because it would give her a credit, albeit you might want to call it a negative credit, for those five convictions.
 
 
 13
 Utilizing a criminal history category of VI, the analogous Guidelines range was 21 to 27 months. The district court imposed a 21-month sentence.
 
 
 14
 The district court properly found that an analogy to a defendant in criminal history categories IV and V was unsuitable on the basis of the five convictions which were consolidated for sentencing. See Starr, 971 F.2d at 363. Had the five convictions not been consolidated, the total criminal history points would have been at least thirteen points, instead of six.
 
 
 15
 Souza further contends that the extent of the departure was unreasonable because U.S.S.G. § 4A1.1(f) allows only three additional criminal history points to be added for uncounted violent offenses and precludes a upward departure based upon such offenses. She therefore argues that only three points or fewer can be added for her non-violent offenses, thereby resulting in a criminal history category of IV. This contention is meritless.
 
 
 16
 Section 4A1.1(f) deals with violent offenses, rather than Souza's non-violent offenses, and the original calculation of a defendant's criminal history category. See U.S.S.G. § 4A1.1(f). Furthermore, even if Souza had received only three points under section 4A1.1(f), the district court could have considered an upward departure. See U.S.S.G. § 4A1.3(b).
 
 
 17
 Finally, Souza contends that the extent of the departure was unreasonable because it created an extreme sentencing disparity with her codefendants. We have previously considered a similar argument and rejected it. See United States v. Vilchez, 967 F.2d 1351, 1355 (9th Cir.1992) (holding that disparity in sentencing among codefendants is an impermissible basis for departures); see also United States v. Taylor, No. 92-10213, slip op. 3643, 3649 (9th Cir. Apr. 13, 1993) (disparity in sentencing among codefendants is an insufficient ground for challenging an otherwise proper Guidelines sentence).
 
 
 18
 Accordingly, the extent of the upward departure was not unreasonable. See Starr, 971 F.2d at 363.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4.FD** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny appellee's motion to supplement the record on appeal by designation of additional transcripts
 
 
 [2]
 The following five convictions, which occurred on different occasions, were consolidated for sentencing on April 23, 1992: first degree burglary, second degree theft, two counts of second degree forgery, and fraudulent use of a credit card